IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 7:97-765–HMH |
| vs. ) | C/A No. 6:05-3279-HMH |
| ) | |
| Ralph Sullivan, ) | |
| ) | **OPINION & ORDER** |
| Movant. ) | |

This matter is before the court on Ralph Sullivan's ("Sullivan") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 1999, Sullivan pled guilty to conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine and to being a felon in possession of a firearm. On April 12, 1999, Sullivan was sentenced to one hundred eighty-eight (188) months' imprisonment. The judgment was entered on April 13, 1999. Sullivan did not appeal the judgment. Sullivan filed the instant § 2255 motion on November 21, 2005.[1]

## II. DISCUSSION OF THE LAW

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

>motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (West Supp. 2005). An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (finding that, for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered . . . , at least where there has been no district court extension of appeal time for good cause or excusable neglect."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Therefore, under § 2255(1), Sullivan had until April 27, 2000, to file his § 2255 motion. See Fed. R. App. P. 4(b)(1)(A). The instant § 2255 motion was filed on November 21, 2005. As such, Sullivan's motion is time-barred under § 2255(1).

In addition, Sullivan's claims are time-barred under § 2255(2). Sullivan does not allege that any impediment created the government prevented him from filing the instant motion. Further, there is no evidence of any impediment. As such, Sullivan's claims are untimely under § 2255(2).

Moreover, § 2255(3) does not permit Sullivan to bring an otherwise untimely motion. In his first and third grounds for relief, Sullivan alleges that the court lacked jurisdiction "to enhance the sentence based on facts not found by the jury or admitted to by [Sullivan]." (§ 2255 Mot. 1). This argument is based on the recent United States Supreme Court decision United States v. Booker, 543 U.S. 220 (2005). Under § 2255(3), a movant has one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). The rule announced in Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). As such, Sullivan's Booker claims are also time-barred under § 2255(3).

Further, § 2255(4) does not permit Sullivan to bring an otherwise untimely motion. "Through the exercise of due diligence," Sullivan could have discovered the facts supporting his claim that "the court enhanced [his] sentence based on prior conviction without [21] U.S.C. [§] 851 notice." 28 U.S.C. § 2255(4); (Am. § 2255 Mot. 6). As such, his claims are not timely under § 2255(4).

However, generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by

3

equitable tolling principles . . . ." Hill, 277 F.3d at 707. At this point, though unlikely, equitable tolling may apply to Sullivan's argument that "the court enhanced [his] sentence based on prior conviction without [21] U.S.C. [§] 851 notice." (Am. § 2255 Mot. 6.)

Therefore, it is

**ORDERED** that Sullivan has ten (10) days from the date of this order to explain how equitable tolling salvages his second claim that "the court enhanced [his] sentence based on prior conviction without [21] U.S.C. [§] 851 notice." It is further

**ORDERED** that Sullivan's first and third claims are dismissed as time-barred.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 19, 2005

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.