IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  7:97-765–HMH |
| vs. | ) | C/A No. 6:05-3279-HMH |
| | ) | |
| Ralph Sullivan, | ) | |
| | ) | **OPINION & ORDER** |
| Movant. | ) | |

This matter is before the court on Ralph Sullivan's ("Sullivan") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 1999, Sullivan pled guilty to conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine and to being a felon in possession of a firearm. On April 12, 1999, Sullivan was sentenced to one hundred eighty-eight (188) months' imprisonment. The judgment was entered on April 13, 1999. Sullivan did not appeal the judgment. Sullivan filed the instant § 2255 motion on November 21, 2005.[1] Sullivan was ordered to bring his § 2255 motion into proper form on November 23, 2005. In compliance with the court's proper form order, Sullivan filed an amended § 2255 motion on December 12, 2005. On December 19, 2005 ("December Order"), the court determined that Sullivan's claims were time-barred under the statute of limitations set forth in § 2255. (December Order 1-3.) The court dismissed Sullivan's first and third claims because equitable tolling indisputedly did not apply to salvage these claims and ordered Sullivan to explain to the court

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

how equitable tolling salvaged his second claim. (December Order 3-4.) On December 28, 2005, Sullivan responded to the December Order.

## II. DISCUSSION OF THE LAW

Sullivan argues that he "need not show 'cause' to justify [his] failure to raise" his claim that "the court enhanced [his] sentence based on prior conviction without [21] U.S.C. [§] 851 notice" because the government's failure to file an information in compliance with § 851 is a jurisdictional defect that cannot be waived. (Am. § 2255 Mot. 6; Response to December Order 3.) The failure to comply with § 851 is not a jurisdictional defect. See United States v. Jones, No. 02-4257, 2003 WL 22113466, at *4 (4th Cir. Sept. 12, 2003) (Williams, J. concurring) (unpublished);[2] see also United States v. Ceballos, 302 F.3d 679, 690-92 (7th Cir.2002). As such, Sullivan's § 851 claim is not a jurisdictional claim. Therefore, unless equitable tolling applies, Sullivan's § 851 claim is time-barred under § 2255.

Sullivan has failed to submit any reason why equitable tolling salvages his § 851 claim. The statute of limitations set forth in § 2255 is equitably tolled only "for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Sullivan must show that there existed "some other extraordinary circumstance beyond his control that prevented him from complying with

---

[2] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned cases is relevant and appropriate.

2

the statutory time limit." Id. Sullivan has shown no "extraordinary circumstance beyond his control." Id. Therefore, after review, the court finds that the principles of equitable tolling do not apply to salvage Sullivan's second claim.

Therefore, it is

**ORDERED** that Sullivan's § 2255 motion is dismissed as time-barred.

**IT IS SO ORDERED**.

> s/ Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
January 5, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.